# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | **CV 21-4645 FMO (GJSx)** | Date | **June 23, 2021** |
|---|---|---|---|
| Title | **Alex Figueroa, et al. v. Bissell Homecare, Inc.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|

| Vanessa Figueroa | None | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**      **(In Chambers) Order to Show Cause Re:  CAFA Jurisdiction**

On June 7, 2021, Bissell Homecare, Inc. ("defendant") removed this action on the basis of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).  (See Dkt. 1, Notice of Removal ("NOR") at ¶¶ 1, 5).  "CAFA provides expanded original diversity jurisdiction for class actions meeting the amount in controversy and minimal diversity and numerosity requirements set forth in 28 U.S.C. § 1332(d)(2)."  United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co., 602 F.3d 1087, 1090-91 (9th Cir. 2010).  Under that provision, "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant[.]"  28 U.S.C. § 1332(d)(2).

Having reviewed the NOR, the court questions whether the claims of the individual class members exceed $5,000,000 in the aggregate.  See 28 U.S.C. § 1332(d)(2); Dart Cherokee Basin Operating Co., LLC v. Owens, 574, U.S. 81, 89, 135 S.Ct. 547, 554 (2014) ("Evidence establishing the amount is required . . . when the plaintiff contests, or the court questions, the defendant's allegation.").  Defendant contends that "the amount in controversy in this action [ ] exceeds $5,000,000" because plaintiffs seek "monetary relief equal to the amounts paid for [defendant's] products, disgorgement of [defendant's] profits, monetary damages, and civil penalties of two-times actual damages[,]" in addition to punitive damages, attorney's fees, and injunctive relief.  (See Dkt. 1, NOR at ¶¶ 11-13).  The NOR, however, does not provide sufficient facts for the court to determine whether the amount in controversy requirement has been satisfied.  (See, generally, id.).

Based on the foregoing, IT IS ORDERED that:

1.  No later than **June 30, 2021,** defendant shall show cause in writing why this action should not be remanded for the reasons noted above.  Defendant shall provide sufficient proof to establish by a preponderance of the evidence that this action was properly removed within the meaning of CAFA.  **Failure to respond to this Order by the deadline set forth above shall be**

| Case No. | **CV 21-4645 FMO (GJSx)** | Date | **June 23, 2021** |
|---|---|---|---|
| Title | **Alex Figueroa, <u>et</u> <u>al.</u> v. Bissell Homecare, Inc.** | | |

**deemed as consent to remand of the action.**

       2.  Plaintiffs shall file a reply to defendant's response to this Order no later than **July 7, 2021**.

 

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |